UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES, | ) | |
| | ) | Case No. 07 CR 458-4 |
| v. | ) | |
| | ) | Judge Joan B. Gottschall |
| JAMES CAPUTO. | ) | |
| | ) | |

## MEMORANDUM OPINION & ORDER

On July 19, 2007 a grand jury returned a twenty-eight count indictment (the "Indictment"), four counts of which charged James Caputo with mail fraud in violation of 18 U.S.C. §§ 1341, 1346 and 2. Caputo pled guilty to Count Fourteen of the Indictment, which charged Caputo and Michael Caliendo (another employee of the Melrose Park Police Department) with diverting Melrose Park Police Department personnel and property to operate a private security company ("Police Department Security") which provided security services to a single Sears Department store over the course of eight years.

Caputo's PSR calculates a total offense level of eighteen based on the 2008 version of the United States Sentencing Guidelines. Caputo objects to the PSR's application of a four-point offense level enhancement under U.S.S.G. § 3B1.1(a), urging that a three-point increase under U.S.S.G. § 3B1.1(b) is proper because Caputo was a "manager or supervisor" of Police Department Security not an "organizer or leader." *Compare* U.S.S.G. § 3B1.1(a) *and* U.S.S.G. § 3B1.1(b). For its part, the government contends that the PSR's calculation of Caputo's offense level was correct, arguing that Caputo was an organizer or leader of Police Department Security, a criminal enterprise

"that involved five or more participants or was otherwise extensive" within the meaning of U.S.S.G § 3B1.1(a).

Application of an offense level increase under § 3B1.1(a) is appropriate where the government has shown by a preponderance of the evidence that the criminal activity at issue "involved five or more participants or was otherwise extensive." Here the criminal activity involved two participants[1] – Caliendo and Caputo – along with "more than five on-duty part-time" Melrose Park police officers who were not criminally responsible. Caputo Plea Agreement ¶ 6, p. 7. As the criminal activity involved only two participants, Caputo's conduct merits an enhancement under § 3B1.1(a) or (b) only if the government adequately shows that the scope of Caputo's criminal activity was "otherwise extensive." Section 3B1.1, Application Note 3, teaches that "a fraud that involved only three participants but used the unknowing services of many outsiders could be considered extensive" and requires a sentencing court to consider "all persons involved during the entire offense" when assessing whether an organization is "otherwise extensive." U.S.S.G. § 3B1.1, No. 3.

Relying on *United States v. Shearer*, 479 F.3d 478, 483 (7th Cir. 2007), the government urges that the scope of Caputo's criminal activity was otherwise extensive because it involved two participants and more than five non-participant police officers. Though *Shearer* states that "criminal activity is 'otherwise extensive' if it involves some combination of participants and unknowing outsiders totaling more than five" (*id*.), the opinion relies on cases that hold only that a district court *may* find that a scheme is otherwise extensive based solely on the number of participants and innocent outsiders

---

[1] Section 3B1.1, Application Note 1, specifies that a participant is a "person who is criminally responsible for the commission of the offense."

2

involved in the scheme if they number more than five.  *See United States v. Tai*, 41 F.3d 1170, 1174-75 (7th Cir. 1994).  Consistent with *Tai*, *Shearer* held that the district court did not clearly err in finding that a criminal enterprise involving two participants and more than four non-participants was otherwise extensive.  *Shearer*, 479 F.3d at 483-84.  Seventh Circuit precedent thus comports with § 3B1.1, Application Note 3, which does not require a court mechanically to find an enterprise "otherwise extensive" based on the sum of criminally-involved and unwitting participants in a criminal enterprise, but rather requires the court to consider non-participants in the "otherwise extensive" calculus.

After considering the number of non-participant individuals involved in Caputo's criminal activity, along with other measures of the scope of Caputo's criminal enterprise, the court finds that Caputo's criminal activity was not otherwise extensive within the meaning of § 3B1.1.  Indeed, the number of non-participant individuals involved in the criminal activity is the only aspect of Caputo's criminal activity that might reasonably be considered to render his conduct extensive.  The activity Caputo pled guilty to engaging in only involved a single Sears department store and two criminally-involved participants.  Moreover, while the $108,600 Caputo and Caliendo collected from the activity is significant, the sum is not particularly large when compared to the sums collected by other illicit enterprises that are prosecuted in federal court.  Finally, that Caputo or Caliendo collected money from Sears over the course of eight years also fails to render Caputo's relatively modest criminal enterprise otherwise extensive.  This analysis accords with the background to § 3B1.1, which explains that the commission intends for the adjustment to "increase with the size of the organization and the degree of the defendant's responsibility."  *See* U.S.S.G. §3B1.1, Background.  Here it is plain that

the size of Caputo's "organization" was small when compared to other criminal enterprises encompassed by the same guideline, even if Caputo is more responsible than Caliendo for their joint criminal activity.

Accordingly, the court finds that the PSR incorrectly calculated Caputo's offense level by applying a four-level increase under § 3B1.1(a). A correct calculation under the guidelines requires the application of a two-level increase under § 3B1.1(c), as Caputo was an "organizer, leader, manager, or supervisor" in a criminal organization that neither involved five or more participants nor was otherwise extensive. Caputo's total offense level is thus 16, rather than the 18 tabulated by the PSR.

ENTER:

/s/
JOAN B. GOTTSCHALL
United States District Judge

DATED: January 8, 2010